

1  DAYLE ELIESON
   United States Attorney
2  GREG ADDINGTON
   Assistant United States Attorney
3  Nevada State Bar No. 6875
   100 West Liberty Street, Suite 600
4  Reno, NV 89501
   (775) 784-5438
5  Greg.Addington@usdoj.gov

6  Attorneys for United States of America

7  UNITED STATES DISTRICT COURT

8  DISTRICT OF NEVADA

9  ENTRUST RETIREMENT TRUST XV, etc.,    Case No.: 3:17-cv-00490-LRH-VPC

10              Plaintiff,                UNOPPOSED MOTION REQUESTING
                                          EXCEPTION TO SETTLEMENT
11       v.                               CONFERENCE ATTENDANCE
                                          REQUIREMENT
12 DONNER CREEK VILLAGE
   CONDOMINIUM ASSOCIATION, et al.,
13
                Defendants.
14

15

16 I.    INTRODUCTION

17       A settlement conference in this case is scheduled for February 26, 2018, at 9:00 a.m.

18 before United States Magistrate Judge Valerie P. Cooke. The Order (#27) setting the settlement

19 conference provides:

20       Unless excused by order of the court, clients or client representatives with complete
         authority to negotiate and consummate a settlement shall be in attendance at the
21       settlement conference. This requires the presence of the client or if a corporate,
         governmental, or other organizational entity, an authorized representative of the
22       client.

23       For a defendant, such representative must have final settlement authority to commit
         the organization to pay, <u>in the representative's own discretion</u>, a settlement up to
24       the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.

25 (Underscore text in original.)

26 / / / /

Defendant U.S. Department of Housing and Urban Development ("HUD") requests that the Court authorize Assistant United States Attorney ("AUSA") Greg Addington to participate in the settlement conference in person, along with HUD agency counsel as the settlement representatives for HUD. In addition to AUSA Addington and HUD agency counsel being personally present at the settlement conference, HUD program officials with pertinent responsibilities for oversight of HUD programs will be available by telephone throughout the duration of the settlement conference.[1]

Counsel for the two other parties in this action (James M. Walsh and Christopher Lund) have each stated they have **no objection** to the relief requested herein.

## II. ARGUMENT

### A. Applicable Case Law

The United States Supreme Court has stated that the federal Government is unlike any other civil litigant:

> We have long recognized that the Government is not in a position identical to that of a private litigant, both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159 (1984) (internal citation omitted).

Because the Government handles a very large number of civil cases, it would be impractical, if not physically impossible, for those Government officials with settlement authority for the full claim amount to prepare for and appear at all settlement conferences. *United States v. U.S. Dist. Court*, 694 F.3d 1051, 1059 (9th Cir. 2012) (district court abused its discretion in ordering a Government representative with full settlement authority to appear in person for a settlement conference). The Advisory Committee notes that accompany the 1993 amendments to

---

[1] Final approval of travel funds for HUD counsel to travel from San Francisco to Reno has not been obtained as yet; however, final approval has been requested and is expected.

Federal Rule of Civil Procedure 16 acknowledge the unique position of the Government in that regard:

> Particularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and *the most that should be expected is access to a person who would have a major role* in submitting a recommendation to the body or board with ultimate decision-making responsibility.

*Id.* at 1060 (italics added).

The Government delegates settlement authority to select individuals in order to promote centralized decision-making. *Id.* at 1059. Centralized decision-making promotes three important Government objectives. *Id.* at 1060. First, it allows the Government to act consistently in important cases. *Id.* Second, it allows the Executive Branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few designated officials. *Id.* Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id.*

In light of those principles, the Ninth Circuit has determined that the courts should adopt a "practical approach" in assessing the need for a Government representative with full settlement authority to attend a pretrial conference. *Id.* at 1061. In the Ninth Circuit's view, the courts should consider less drastic steps, such as telephonic participation, before requiring in-person participation. *Id.* Only as a "last resort" should the District Court require an official with full settlement authority to participate in a pretrial conference in person. *Id.*

**B.     Discussion**

This is a "quiet title" action brought by Plaintiff against HUD seeking a judgment regarding a property interest asserted by HUD to a condominium unit in Reno, Nevada. Broadly speaking, Plaintiff alleges HUD did not properly exercise its redemption rights following a foreclosure sale of the property and, consequently, HUD has no existing interest in the property. HUD claims that it exercised its redemption rights in accordance with the operative statute and, consequently, Plaintiff's property interest was extinguished.

Although this is a "quiet title" action against HUD and no monetary judgment is sought against HUD, it is likely that any negotiated settlement would have some monetary component given the competing interests in the subject property. From HUD's perspective, a monetary component to any proposed settlement (whether paid *by* HUD or paid *to* HUD) would implicate one or more HUD-administered programs concerning HUD-managed properties, HUD-administered mortgage interests, and/or HUD-managed property disposition functions. These varied HUD program functions are conducted and managed by different HUD officials exercising their program responsibilities in accordance with their respective program priorities. It is simply not feasible, however, for all of these HUD program officials to attend the settlement conference on the off-chance a settlement proposal might implicate the HUD program within their individual area of responsibility.

AUSAs routinely participate in settlement conferences in this district as sole settlement representatives for the United States and federal agencies. In fact, the Department of Justice (including the U.S. Attorney's Office) has utilized this approach with much success for many years and, as a result, hundreds of cases involving the United States and federal agencies have settled.

HUD recognizes the important role settlement conferences play in civil litigation and the need for meaningful participation in those conferences. Counsel for HUD routinely participates in such conferences conducted by this Court without the presence of high-ranking agency officials. It would be unduly burdensome to require multiple agency personnel to attend the settlement conference when HUD agency counsel (from San Francisco) and the assigned AUSA will have thoroughly evaluated the case in advance of the settlement conference and consulted with the agency personnel whose program responsibilities will be most likely implicated by any proposed settlement.

Accordingly, HUD respectfully requests that the Court authorize AUSA Greg Addington to participate in the February 26, 2018, settlement conference in person, along with HUD agency

counsel as the settlement representatives for HUD. In addition to AUSA Addington and HUD agency counsel being personally present at the settlement conference, HUD program officials with pertinent responsibilities for oversight of HUD programs will be available by telephone throughout the duration of the settlement conference. This motion is **unopposed**.

### III.   CONCLUSION

For the reasons discussed above, HUD respectfully requests that the Court permit AUSA Greg Addington to participate in the settlement conference scheduled for February 26, 2018, in person, along with HUD agency counsel as the settlement representatives for HUD. In addition to AUSA Addington and HUD agency counsel being personally present at the settlement conference,[2] HUD program officials with pertinent responsibilities for oversight of HUD programs with be available by telephone throughout the duration of the settlement conference.

DATED: February 14, 2018.   Respectfully submitted,

DAYLE ELIESON
United States Attorney

s/ *Greg Addington*
GREG ADDINGTON
Assistant United States Attorney

IT IS SO ORDERED.

U.S. MAGISTRATE JUDGE

DATED: February 15, 2018

---

[2] *See* n.1, *supra*.

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing UNOPPOSED MOTION REQUESTING EXCEPTION TO SETTLEMENT CONFERENCE ATTENDANCE REQUIREMENT was made to all parties through the Court's CM/ECF service and notification system.

DATED: February 14, 2018.     *s/ Greg Addington*
                                            GREG ADDINGTON